Weygandt, C. ¿T.
Were the lower courts correct in holding that the plaintiff’s petition fails to state a cause of action?
Neither of those courts wrote an opinion, and hence-this *348 court is without the benefit of their reasoning as to this question of first impression in this state.
The defendant relies on the provisions of Section 4515.02, Revised Code, reading as follows:
‘ ‘ The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle, ’ ’
For the purpose of considering the defendant’s demurrer, it is of course necessary to assume the truth of the allegations in the plaintiff’s petition.
Based on this assumption, was the plaintiff a mere “guest” within the purview of the statute, or was he in the higher status of a so-called “passenger,” since the petition contains no allegation of wilful or wanton misconduct?
The defendant contends that the plaintiff alleges no benefit on the defendant driver of the automobile beyond that incidental to hospitality or social good will. She urges that this question is answered by the latter part of the third paragraph of the syllabus in the case of Hasbrook v. Wingate, 152 Ohio St., 50, 87 N. E. (2d), 87, 10 A. L. R. (2d), 1342. It is interesting to note that the plaintiff relies on the first part of that paragraph. In its entirety the statement reads as follows:
“3. Where, in the carrying of a rider, a motor vehicle’s direct operation tends to promote the mutual interests of both the rider and driver, thus creating a joint business relationship between them, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a ‘passenger’ and not a ‘guest’; but if the carriage confers a benefit only on the rider and no benefit other than such as is incidental to hospitality, good will or the like is conferred on the driver, the rider is a ‘guest.’ ”
A study of that, case discloses that only the last part of the *349 quoted paragraph is applicable to the facts as shown by the evidence. In the opinion it is said:
“In the first place there was no express contract for transportation between the parties. In the second place, they were in no sense joint'adventurers having a mutual business interest in the trip.”
To the contrary in both respects are the allegations of the plaintiff’s petition in the instant case. It is said that “at and previously to October 31, 1956, the defendant had entered into a mutual agreement with the mothers of these children * * * whereby each and all of them agreed to take one. day of each and every week during the school term to drive said children to said school; that Jean Lisner, the mother of the plaintiff, agreed to drive the said seven children to and from said school on Monday ; * # # that the defendant agreed to drive the seven children to and from said school on Wednesday * * These allegations indicate a definite business relationship whereby each party thereto was saved time and expense in the task of transporting her child to and from school, and it seems to be a bit unrealistic to label such an alleged definite agreement in the category of a mere arrangement incidental to pleasure, hospitality or social good will.
The plaintiff likewise relies on the pronouncement of this court in the first paragraph of the syllabus in the case of Birmelin, Admx., v. Gist, Admx., 162 Ohio St., 98, 120 N. E. (2d), 711, reading as follows:
“1. Under the guest statute, Section 6308-6, General Code (Section 4515.02, Revised Code), one who is riding in a motor vehicle with the owner-operator or person responsible for the operation thereof is a guest and not a paying passenger, unless there is shown a contractual arrangement, express or implied, for the payment of compensation to the owner or driver for the transportation furnished or he is rendering a benefit to the driver primarily for the attainment of some objective of the latter.”
It is the view of this court that the latter part of this paragraph is applicable to the situation presented by the allegations of the plaintiff’s petition, and that his alleged status was'that of a passenger and not that of a mere guest.
*350 Hence, it is unnecessary to consider the further contention of the plaintiff-appellant.
The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court for further proceeding.

Judgment reversed.

Zimmerman, Stewart, Taft, Matthias and Bell, JJ., concur.
Herbert, J., dissents.